IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| PRGX GLOBAL, INC., RONALD E. | : **SECURITIES EXCHANGE ACT OF 1934** |
| STEWART, KEVIN F. COSTELLO, | : |
| MATTHEW A. DRAPKIN, WILLIAM F. | : |
| KIMBLE, MYLLE H. MANGUM, | : |
| GREGORY J. OWENS, JOSEPH E. | : |
| WHITTERS, PLUTO ACQUISITIONCO | : |
| INC., and PLUTO MERGER SUB INC., | : |
| | : |
| Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On December 24, 2020, PRGX Global, Inc ("PRGX" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by affiliates of Ardian North America Fund II, L.P.: Pluto Acquisitionco Inc. ("Parent"), a Delaware corporation, and Pluto Merger Sub Inc. ("Merger Sub," and together with Parent, "Pluto") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, PRGX's stockholders will receive $7.71 per share in cash.

3. On January 29, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy omits material information with respect to the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of PRGX common stock.

9. Defendant PRGX is a Georgia corporation. PRGX's common stock is traded on the NASDAQ under the ticker symbol "PRGX."

10. Defendant Ronald E. Stewart is President, Chief Executive Officer, and a member of the Board of Directors (the "Board") of the Company.

11. Defendant Kevin F. Costello is a member of the Board.

12. Defendant Matthew A. Drapkin is a member of the Board.

13. Defendant William F. Kimble is a member of the Board.

14. Defendant Mylle H. Mangum is a member of the Board.

15. Defendant Gregory J. Owens is Chairman of the Board.

16. Defendant Joseph E. Whitters is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation.

19. Defendant Merger Sub is a Georgia corporation and a wholly-owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

20. PRGX helps companies spot value in their source-to-pay processes.

21. On December 24, 2020, PRGX entered into the Merger Agreement, under which PRGX's stockholders will receive $7.71 per share in cash.

22. The press release announcing the Proposed Merger provides as follows:

PRGX Global, Inc. (Nasdaq: PRGX), a global leader in recovery audit and spend analytics services, and Ardian, a world-leading private investment house, today announced that they have entered into a definitive agreement for Ardian to acquire PRGX. The transaction is led by Ardian's North America Direct Buyouts team.

Under the terms of the agreement, Ardian will pay PRGX shareholders $7.71 per share in cash for each share of PRGX's common stock they hold, which represents a 32.7% premium to the PRGX volume-weighted average price for the 90 trading days preceding the public announcement of the transaction with Ardian. The all-cash transaction, subject to completion, is valued at approximately $195 million. The members of the PRGX Board of Directors are unanimously in favor of the transaction, which was approved at a special meeting of the Board. Upon closing, PRGX will operate as a privately held company.

As a private entity, PRGX expects to expedite the rollout of the PRGX Verigon™ Solution Suite, continue investing in improved audit and analytics processes, and increasingly focus on mid- to long-term business strategy – investments designed to accelerate delivery of PRGX's mission to reach wider, dig deeper and act faster to help clients get more value out of their source-to-pay data.

"The Ardian transaction delivers significant value for PRGX's shareholders and marks the beginning of the next chapter of our journey with our clients," said PRGX President and CEO, Ron Stewart. "We look forward to partnering with the Ardian team to accelerate the launch and delivery of our vision of source-to-pay as fully

technology-enabled, accelerating speed to value for clients globally."

"PRGX is a global leader in its field, pioneering the recovery audit industry more than 50 years ago and consistently driving innovation over the past five decades," said Vince Fandozzi, Head of Ardian North America Direct Buyouts.

"We are truly impressed with PRGX Executive Management and the entire team of employees and look forward to partnering with the Company to grow its global presence and usher it into its next phase of growth," added Todd Welsch, Managing Director, Ardian North American Buyouts.

Greg Owens, Executive Chairman of the Board, said, "The Board of Directors explored numerous strategic alternatives and carefully considered the best way to position PRGX for long-term success. We are confident that the transaction with Ardian is the best path to strengthen and position PRGX in the marketplace and deliver the highest value to the Company's shareholders."

PRGX is the world's largest Accounts Payable and Merchandise Recovery Audit firm, serving clients in more than 30 countries in North and South America, Europe, Asia and Oceania. PRGX provides technology-enabled source-to-pay solutions to clients across industries including retail, grocery, consumer packaged goods, manufacturing, pharmaceuticals, and oil and gas, among others.

Transaction Details

Pursuant to the terms of the agreement, Ardian will acquire all of the outstanding shares of PRGX's common stock, in an all-cash transaction, for $7.71 per share. Closing of the transaction is conditioned upon, among other things, receipt of shareholder approval, clearance under the Hart-Scott-Rodino (HSR) Antitrust Improvements Act of 1976, as amended, and other customary closing conditions. The closing of the transaction is not conditioned on financing. PRGX expects the transaction to close during the first quarter of 2021.

Each of PRGX's directors and executive officers and Northern Right Capital Management, L.P., a shareholder of PRGX, have agreed to vote their shares in favor of the definitive merger agreement and the merger, subject to certain terms and conditions. These shareholders collectively own approximately 14% of PRGX's outstanding shares as of the date of the merger agreement. The support agreements will terminate upon termination of the merger agreement in accordance with its terms in order for PRGX to accept a superior offer and upon certain other circumstances.

Truist Securities, Inc. is acting as financial advisor to PRGX, and Troutman Pepper Hamilton Sanders LLP is serving as legal advisor to PRGX. Sheppard, Mullin, Richter & Hampton LLP is serving as legal advisor to Ardian.

23. On January 29, 2021, defendants filed the Proxy with the SEC, which omits material information regarding the Proposed Merger.

### Financial Projections

24. The Proxy fails to disclose material information regarding the Company's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

25. The Proxy fails to disclose:

    (i) The line items used to calculate EBITDA and adjusted EBITDA;

    (ii) Projected net income; and

    (iii) A reconciliation of the non-GAAP to GAAP metrics.

### Financial Analyses

26. The Proxy fails to disclose material information regarding the analyses performed by Truist Securities ("Truist"), the Company's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. The Proxy fails to disclose the following regarding Truist's Discounted Cash Flow Analysis:

    (i) The inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; and

    (ii) The terminal values.

<u>Potential Conflicts of Interest</u>

28. The Proxy fails to disclose material information regarding potential conflicts of interest of Truist. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

29. The Proxy fails to disclose the amount of Truist's compensation that is contingent upon the consummation of the Proposed Merger.

30. The Proxy fails to disclose the timing and nature of the past services Truist provided to the parties to the Merger Agreement and their affiliates, and the amount of compensation Truist received for providing the services.

<u>Confidentiality Agreements</u>

31. The Proxy fails to disclose whether the Company entered into any confidentiality agreements that contained don't ask, don't waive provisions.

32. If disclosed, the omitted information would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**Claim Against the Individual Defendants and PRGX for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35. PRGX is liable as the issuer of these statements.

36. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

37. The Individual Defendants were at least negligent in filing the Proxy with the materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

40. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

41. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42. Plaintiff is threatened with irreparable harm.

## COUNT II

### Claim Against the Individual Defendants and Pluto for Violation of Section 20(a) of the Exchange Act

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. The Individual Defendants and Pluto acted as controlling persons of PRGX within the meaning of Section 20(a) of the Exchange Act.

45. By virtue of their positions as officers and/or directors of PRGX and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants and Pluto was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

49. Pluto had supervisory control over the composition of the Proxy and the information disclosed therein, and the information that was omitted and/or misrepresented in the Proxy.

50. Accordingly, the Individual Defendants and Pluto violated Section 20(a) of the Exchange Act.

51. The Individual Defendants and Pluto had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

52. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

53. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 10, 2021          **RIGRODSKY LAW, P.A.**

By:   */s/ Gina M. Serra*
      Seth D. Rigrodsky (#3147)
      Gina M. Serra (#5387)
      Herbert W. Mondros (#3308)

**OF COUNSEL:**       300 Delaware Avenue, Suite 210
      Wilmington, DE 19801

**GRABAR LAW OFFICE**       Telephone: (302) 295-5310
Joshua H. Grabar       Facsimile: (302) 654-7530
One Liberty Place       Email: sdr@rl-legal.com
1650 Market Street, Suite 3600       Email: gms@rl-legal.com
Philadelphia, PA 19103       Email: hwm@rl-legal.com
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com       *Attorneys for Plaintiff*